UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
In re:                                                             :
                                                                   :   Chapter 11
PEGGY NESTOR,                                                      :
                                                                   :   Case No. 23-10627 (MEW)
                                                   Debtor.         :
------------------------------------------------------------------ :
THE GREENSPAN COMPANY/ADJUSTERS                                    :
INTERNATIONAL,                                                     :
                                                                   :
                                                   Plaintiff,      :   Adv. Pro. No. 24-04045 (MEW)
                                                                   :
        -against-                                                  :
                                                                   :
PEGGY NESTOR,                                                      :
                                                                   :
                                                   Debtor.         :
------------------------------------------------------------------ x

## ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO LIFT AUTOMATIC STAY TO PERMIT ARBITRATION OF UNDERLYING DISPUTE IN CALIFORNIA

The Debtor, Peggy Nestor, commenced this bankruptcy case by filing a voluntary petition for relief on April 25, 2023. The Greenspan Company/Adjusters International ("Greenspan") claims in this adversary proceeding that an arbitration award was entered in its favor and against the Debtor in the amount of $700,471.39. It seeks a declaration that the debt owed to it is not dischargeable on various theories, and it contends that the arbitration award has collateral estoppel effect in this adversary proceeding. The Debtor has moved to dismiss the complaint. Many of her contentions relate to the underlying merits of the claims asserted in the arbitration proceeding, but she also contends that the parties' disputes need to be resolved in California. I have treated her motion (filed *pro se*) as not only a motion to dismiss but also as a motion for relief from the automatic stay to let the parties proceed with such further proceedings as may be called for in California.

Greenspan has previously alleged that it was not aware of the bankruptcy filing and did not receive notice of it. For that reason I granted relief from the bar date to permit Greenspan to file a proof of claim. [ECF No. 465.]

In this adversary proceeding, Greenspan alleges that an arbitration hearing was scheduled for October 26, 2023 (six months after the bankruptcy filing), that the Debtor did not appear, and that the arbitrator thereafter entered an award on January 11, 2024 in favor of Greenspan. However, an automatic stay took effect immediately upon the filing of the bankruptcy petition on April 25, 2023, which automatically barred the continuation of any then-pending legal proceedings (including arbitration proceedings) to collect on debts owed by the Debtor. *See* 11 U.S.C. § 362(a). No relief from the automatic stay was granted, and so any proceedings that occurred in the arbitration after April 25, 2023, and any orders entered after that date, were in violation of the automatic stay. Some Circuit Courts have held that acts that take place in violation of the automatic stay are merely voidable and are not void, but the rule in this Circuit (and the rule in the Ninth Circuit, where the arbitration occurred) is that any proceedings that continue and rulings that are entered in violation of the automatic stay are void and of no effect. *See Church Mut. Ins. Co. v. Am. Home Assur. Co. (In re Heating Oil Partners, LP,)*, 422 Fed. App'x. 15, 17–18 (2d Cir. 2011) (holding that proceedings that continued after an automatic stay took effect were void); *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571–73 (9th Cir. 1992) (same). This is true even if Greenspan, and the arbitrator, were not aware of the bankruptcy filing. *In re Heating Oil Partners*, 422 Fed. App'x. at 18 (actions taken after the stay took effect were void even if the parties and the tribunal were not aware of the stay); *In re Colonial Realty Co.*, 980 F.2d 125, 137 (2d Cir. 1992) (same); *In re Smith*, 876 F.2d 524, 525–26 (6th Cir. 1989) (same); *Carter v. Barber (In re Carter)*, 2016 Bankr. LEXIS 1838, *4 (9th Cir.

2

BAP Apr. 22, 2016) (holding that acts and proceedings in violation of the stay are void and that it makes no difference if the violator was aware of the stay).

A Bankruptcy Court has the power to annul the automatic stay and to do so with retroactive effect.  *See* 11 U.S.C. § 362(d); *Eastern Refractories Co. Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998); *In re Tara Hills, Inc.*, 234 Fed. App'x. 432, 433 (9th Cir. 2007).  However, I have not been asked to grant such relief, and I would not grant such relief in this case if such a request were made.  The arbitration award was entered by default, and if such a default were permitted to give rise to an enforceable award it would adversely affect not only the Debtor but also the Debtor's creditors.  The automatic stay is meant to protect other creditors of the Debtor as well as protecting the Debtor herself, and so the fact that the Debtor failed to notify the arbitrator of the bankruptcy filing should not be sufficient grounds to annul the effect of the automatic stay.  *Ostano Commerzanstalt v. Telewide Sys. Inc.*, 790 F.2d 206, 207 (2d Cir. 1986) (holding that a debtor cannot waive the automatic stay because the stay also exists to protect creditors).

The Debtor has moved to dismiss this adversary proceeding.  However, her arguments focus on the merits of the underlying dispute, rather than the issues of whether a debt (if it is owed) would be dischargeable or not.  The dispute itself needs to be resolved, and the defenses posed by the Debtor are matters that go to the merits and that require further proceedings.  They are not appropriate for a ruling on a motion to dismiss, and so the motion to dismiss will be denied.

The Debtor has also insisted that Greenspan's claims against her should be resolved in California and not in this Court.  It appears that an arbitration proceeding had already been commenced in California prior to the filing of this bankruptcy case.  It also appears that the

arbitrator can properly determine the claims that the Debtor and Greenspan have made against each other and the defenses that the Debtor wishes to assert, and that the automatic stay should be lifted for that purpose. However, if the arbitrator determines that a debt is owed by the Debtor to Greenspan, the issue of whether that debt is dischargeable is a federal bankruptcy issue that can and will be decided only by this Court. In addition, if the arbitrator determines that any debt is owing by the Debtor to Greenspan, any efforts to collect on that debt will remain subject to the automatic stay, and any collection must occur pursuant to the proof of claim procedures in this Court.

For the foregoing reasons, it is hereby

**ORDERED**, that the Debtor's motion to dismiss is denied; and it is further

**ORDERED**, that any proceedings that occurred on or after April 25, 2023 and prior to the date of this Order in the arbitration brought by Greenspan against the Debtor, including but not limited to the arbitration award, are void and of no effect by reason of the automatic stay set forth in section 362 of the Bankruptcy Code; and it is further

**ORDERED**, that the automatic stay is hereby lifted to permit the continuation of the foregoing arbitration proceeding, *provided* (1) that the Debtor's failure to appear at any arbitration hearing that was scheduled after April 23, 2023 and before the date of this Order, and her failure to submit any papers or to take any other action during that period in connection with the arbitration, may not be held against her; (2) the arbitration award is void, and any hearings held, testimony taken or orders entered in the arbitration after April 23, 2023 and before the date of this Order cannot be given any effect; (3) if it is determined that the Debtor owes a debt to Greenspan, Greenspan's contentions that such debt is nondischargeable will be determined by this Court, and the automatic stay is not lifted for the purpose of allowing that issue to be decided

4

by any other tribunal; and (4) if it is determined that the Debtor owes a debt to Greenspan, the automatic stay remains in effect as to any efforts to collect on such a debt; and it is further

**ORDERED**, that further proceedings in this adversary proceeding are stayed pending the outcome of the arbitration reference above, except to the extent this Court orders otherwise in response to an application by any of the parties hereto; and it is further

**ORDERED**, that this Court retains jurisdiction over the interpretation and enforcement of this Order; and it is further

**ORDERED**, that this Order shall take effect immediately and shall not be subject to any further stay.

Dated: New York, New York
       June 24, 2025

                                                                       s/Michael E. Wiles
                                                                       HONORABLE MICHAEL E. WILES
                                                                       UNITED STATES BANKRUPTCY JUDGE